KAREN P. HEWITT
United States Attorney
TIMOTHY F. SALEL
Assistant United States Attorney
California Bar No. 163597
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone:  (619) 557-6074
Facsimile:  (619) 557-3445
E-mail: timothy.salel@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08CR0511-BEN |
| | ) | |
| Plaintiff, | ) | DATE:        April 21, 2008 |
| | ) | TIME:        2:00 p.m. |
| v. | ) | |
| | ) | GOVERNMENT'S RESPONSE AND |
| MAGGIE MARIA SIEBEN (4), | ) | OPPOSITION TO DEFENDANT'S |
| | ) | MOTIONS TO: |
| Defendant. | ) | (1)    COMPEL DISCOVERY / PRESERVE |
| | ) | EVIDENCE; |
| | ) | (2)    TO DECLARE CASE COMPLEX; |
| | ) | (3)    GRANT LEAVE TO FILE FURTHER |
| | ) | MOTIONS; AND |
| | ) | (4)    GRANT LEAVE TO JOIN MOTIONS |
| | ) | TOGETHER WITH STATEMENT OF FACTS, |
| | ) | MEMORANDUM OF POINTS AND |
| | ) | AUTHORITIES AND THE GOVERNMENT'S |
| | ) | MOTION TO: |
| _____ | ) | (1)    PRODUCE RECIPROCAL DISCOVERY |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Timothy F. Salel, Assistant United States Attorney, and hereby files its response and opposition to the above-referenced motions.

As discussed further, the Government will comply with all discovery obligations -- including those governed by Rule 16 of the Federal Rules of Criminal Procedure, the Jencks Act (18 U.S.C. § 3500), and Brady v. Maryland, 373 U.S. 83 (1963) -- and anticipates that most, if not all, discovery issues can be resolved amicably and informally.  The Government has no objection to the Court granting leave to file further motions based on new information and requests reciprocal discovery.

# I

## STATEMENT OF FACTS

On February 22, 2007, Defendant MAGGIE MARIA SIEBEN was indicted by a federal grand jury and charged in Criminal Case No. 08CR0511-BEN  with conspiracy to distribute hydrocodone bitartrate and oxycodone in violation of 21 U.S.C. §§ 841(a)(1) and 846.  Defendant pled not guilty to all charges in the Indictment and the Government is in the process of complying with its discovery obligations in this case and other related cases.

# II

## DISCUSSION

**A.     The Government Will Comply With All Discovery Obligations**

**(1)     Defendant's Statements**

The Government recognizes its obligation under Rules[1] 16(a)(1)(A) and 16(a)(1)(B) to provide to Defendant the substance of Defendant's oral statements and Defendant's written statements.  This includes all recorded statements made by Defendant.  If the Government discovers additional oral or written statements that require disclosure under Rule 16(a)(1)(A) or Rule 16(a)(1)(B), such statements will be promptly provided to Defendant.

The Government has no objection to the preservation of any handwritten notes taken by any of the agents.  See United States v. Harris, 543 F.2d 1247, 1253 (9th Cir. 1976) (agents must preserve their notes of interviews of an accused or prospective government witnesses).   However, the Government objects to providing Defendant with a copy of any rough notes at this time.  Rule 16(a)(1)(A) does not require disclosure of rough notes where the content of those notes have been accurately reflected in a type-written report.  See United States v. Brown, 303 F.3d 582, 590 (5th Cir. 2002); United States v. Coe, 220 F.3d 573, 583 (7th Cir. 2000) (Rule 16(a)(1)(A) does not require disclosure of an agent's notes even where there are "minor discrepancies" between the notes and a report).   The Government is not required to produce rough notes pursuant to the Jencks Act, because the notes do not constitute

---

[1]     Unless otherwise noted, all references to "Rules" refers to the Federal Rules of Criminal Procedure.

1    "statements" (as defined 18 U.S.C. § 3500(e)) unless the notes (1) comprise both a substantially

2    verbatim narrative of a witness' assertion, and (2) have been approved or adopted by the witness.

3    United States v. Spencer, 618 F.2d 605, 606-07 (9th Cir. 1980). It is unclear whether any rough notes

4    in this case constitute "statements" in accordance with the Jencks Act. See United States v. Ramirez,

5    954 F.2d 1035, 1038-39 (5th Cir. 1992) (rough notes were not statements under the Jencks Act where

6    notes were scattered and all the information contained in the notes was available in other forms). Any

7    notes would not be Brady material if the notes do not present any material exculpatory information, or

8    any evidence favorable to Defendant that is material to guilt or punishment. Brown, 303 F.3d at 595-96

9    (rough notes were not Brady material because the notes were neither favorable to the defense nor

10   material to defendant's guilt or punishment); United States v. Ramos, 27 F.3d 65, 71 (3d Cir. 1994)

11   (mere speculation that agents' rough notes contained Brady evidence was insufficient). If the

12   Government determines that the rough notes are discoverable under Rule 16, the Jencks Act, or Brady,

13   the rough notes will be provided to Defendant.

14                          **(2)      Arrest Reports, Notes, and Dispatch Tapes**

15          The Government has provided Defendant with all known reports related to Defendant's arrest

16   in this case that are available at this time. The Government will continue to comply with its obligation

17   to provide to Defendant all reports subject to Rule 16. As previously noted, the Government has no

18   objection to the preservation of the agents' handwritten notes, but objects to providing Defendant with

19   a copy of the rough notes at this time because the notes are not subject to disclosure under Rule 16, the

20   Jencks Act, or Brady. Undersigned counsel is not aware of any relevant dispatch tapes at this time, but,

21   after further consultation with the agents, will provide Defendant with any discoverable audio or video

22   tapes.

23                          **(3)      Brady Material**

24          The Government will perform its duty under Brady to disclose material exculpatory information

25   or evidence favorable to Defendant  when such evidence is material to guilt or punishment.   The

26   Government recognizes that its obligation under Brady covers not only exculpatory evidence, but also

27   evidence that could be used to impeach witnesses who testify on behalf of the United States. See Giglio

28   v. United States, 405 U.S. 150, 154 (1972); United States v. Bagley, 473 U.S. 667, 676-77 (1985). This

1    obligation also extends to evidence that was not requested by the defense.  Bagley, 473 U.S. at 682;

2    United States v. Agurs, 427 U.S. 97, 107-10 (1976).  "Evidence is material, and must be disclosed

3    (pursuant to Brady), 'if there is a reasonable probability that, had the evidence been disclosed to the

4    defense, the result of the proceeding would have been different.'" Carriger v. Stewart, 132 F.3d 463,

5    479 (9th Cir. 1997) (en banc).  The final determination of materiality is based on the "suppressed

6    evidence considered collectively, not item by item."  Kyles v. Whitley, 514 U.S. 419, 436-37 (1995).

7        Brady does not, however, mandate that the Government open all of its files for discovery.  See

8    United States v. Henke, 222 F.3d 633, 642-44 (9th Cir. 2000)(per curiam).  Under Brady, the

9    Government is not required to provide: (1) neutral, irrelevant, speculative, or inculpatory evidence (see

10   United States v. Smith, 282 F.3d 758, 770 (9th Cir. 2002); (2) evidence available to the defendant from

11   other sources (see United States v. Bracy, 67 F.3d 1421, 1428-29 (9th Cir. 1995)); (3) evidence that the

12   defendant already possesses (see United States v. Mikaelian, 168 F.3d 380-389-90 (9th Cir. 1999)

13   amended by 180 F.3d 1091 (9th Cir. 1999)); or (4) evidence that the undersigned Assistant U.S.

14   Attorney could not reasonably be imputed to have knowledge or control over.  See United States v.

15   Hanson, 262 F.3d 1217, 1234-35 (11th Cir. 2001).    Brady does not require the Government "to create

16   exculpatory evidence that does not exist," United States v. Sukumolahan, 610 F.2d 685, 687 (9th Cir.

17   1980), but only requires that the Government "supply a defendant with exculpatory information of

18   which it is aware."  United States v. Flores, 540 F.2d 432, 438 (9th Cir. 1976).

19           **(4)    Information That May Result in a Lower Sentence Under the Guidelines**

20        The Government will provide Defendant with all Brady material that may result in mitigation

21   of Defendant's sentence.  Nevertheless, the Government is not required to provide information bearing

22   on Defendant's sentence until after Defendant's conviction or guilty plea and prior to his sentencing

23   date.  See United States v. Juvenile Male, 864 F.2d 641, 647 (9th Cir. 1988)(No Brady violation occurs

24   "if the evidence is disclosed to the defendant at a time when the disclosure remains in value").

25           **(5)    Information That May Result in a Lower Sentence Under 18 U.S.C. 3553**

26        The Government will provide Defendant with all Brady material that may result in mitigation

27   of Defendant's sentence under 18 U.S.C. § 3553.

28

1

**(6)    Prior Record**

2   The Government has no information or record indicating that Defendant has any prior

3   convictions.  To the extent that the United States determines that there are any documents reflecting

4   Defendant's prior criminal record, the United States will provide those documents to Defendant in

5   accordance with Rule 16(a)(1)(D).  See United States v. Audelo-Sanchez, 923 F.2d 129 (9th Cir. 1990).

6

(7)    **404(b) Evidence**

7   The Government will disclose in advance of trial, the general nature of any "other bad acts"

8   evidence that the United States intends to introduce at trial pursuant to Fed. R. Evid. 404(b).  However,

9   the Government notes that evidence should not be treated as "other bad acts" evidence under Fed. R.

10   Evid. 404(b) when the evidence concerning the other bad acts and the evidence concerning the crime

11   charged are "inextricably intertwined."  See United States v. Soliman, 812 F.2d 277, 279 (9th Cir.

12   1987).

13

**(8)    Evidence Seized**

14   The Government will comply with Rule 16(a)(1)(E) in allowing Defendant an opportunity, upon

15   reasonable notice, to examine, inspect, and copy all documents and tangible objects seized that is within

16   its possession, custody, or control, and that is either material to the preparation of Defendant's defense,

17   or is intended for use by the United States as evidence during its case-in-chief at trial, or was obtained

18   from or belongs to Defendant.

19

**(9)    Request for Preservation of Evidence**

20   The Government recognizes that the Constitution requires the Government to preserve evidence

21   "that might be expected to play a significant role in the suspect's defense." California v. Trombetta, 467

22   U.S. 479, 488 (1984).  To require preservation by the Government, such evidence must (1) "possess an

23   exculpatory value that was apparent before the evidence was destroyed," and (2) "be of such a nature

24   that the defendant would be unable to obtain comparable evidence by other reasonably available

25   means."  Id. at 489; see also Cooper v. Calderon, 255 F.3d 1104, 1113-14 (9th Cir. 2001).    The

26   Government will make every effort to preserve evidence it deems to be relevant and material to this

27   case.

28

**(10)    Tangible Objects**

The Government will comply with Rule 16(a)(1)(E) in allowing Defendant an opportunity, upon reasonable notice, to examine, inspect, and copy tangible objects that are within its possession, custody, or control, and that is either material to the preparation of Defendant's defense, or is intended for use by the United States as evidence during its case-in-chief at trial, or was obtained from or belongs to Defendant. The Government need not, however, produce rebuttal evidence in advance of trial. <u>United States v. Givens</u>, 767 F.2d 574, 584 (9th Cir. 1984).

**(11)    Evidence of Bias or Motive to Lie**

The Government recognizes its obligation under <u>Brady</u> and <u>Giglio</u> to provide evidence that could be used to impeach Government witnesses including material information regarding demonstrable bias or motive to falsify or distort his or her testimony.

**(12)    Impeachment Evidence**

As previously discussed, the Government recognizes its obligation under <u>Brady</u> and <u>Giglio</u> to provide material evidence that could be used to impeach Government witnesses.

**(13)    Evidence of Criminal Investigation of Any Government Witness**

Defendant is not entitled to any evidence that a prospective witness is under criminal investigation by federal, state, or local authorities. The Government is under no obligation to turn over the criminal records or rap sheet of its potential witnesses. <u>United States v. Taylor</u>, 542 F.2d 1023, 1026 (8th Cir. 1976). The Government will, however, provide the conviction record, if any, which could be used to impeach witnesses the Government intends to call in its case-in-chief.

**(14)    Evidence Affecting Perception, Recollection, Ability to Communicate**

The Government recognizes its obligation under <u>Brady</u> and <u>Giglio</u> to provide material evidence that could be used to impeach Government witnesses including material information related to perception, recollection, ability to communicate, or truth telling. The Government strenuously objects to providing any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic because such information is not discoverable under Rule 16, <u>Brady</u>, <u>Giglio</u>, <u>Henthorn</u>, or any other Constitutional or statutory disclosure provision.

1          **(15)    Witness Addresses**

2          The Government will provide Defendant with the reports containing the names of the agents

3 involved in the apprehension of Defendant as well as the complete name of their agency and local post

4 of duty.  The Government strenuously objects to providing the home addresses or the home or personal

5 cellular telephone numbers to Defendant.  In non-capital cases, the Government is not even required to

6 disclose the names of its witnesses prior to trial.  United States v. Dishner, 974 F.2d 1502, 1522 (9th Cir

7 1992); (citing United States v. Steel, 759 F.2d 706, 709 (9th Cir. 1985)); United States v. Hicks, 103

8 F.23d 837, 841 (9th Cir. 1996); see also United States v. Bejasa, 904 F.2d 137 (2d Cir. 1990)(United

9 States did not improperly deny defendant access to government witnesses whose telephone numbers and

10 addresses the government refused to provide because defendant knew the identities of the government

11 witnesses and presumably knew their telephone numbers or could have contacted them through the

12 exercise of due diligence) .    Nevertheless, in its trial memorandum, the Government will provide

13 Defendant with a list of all witnesses whom it intends to call in its case-in-chief, although delivery of

14 such a witness list is not required.  See United States v. Discher, 960 F.2d 870 (9th Cir. 1992); United

15 States v. Mills, 810 F.2d 907, 910 (9th Cir. 1987).

16          **(16)    Name of Witnesses Favorable to the Defendant**

17          The Government is not aware of the names of any witnesses favorable to the Defendant's case.

18 If the Government discovers any witnesses favorable to Defendant, the names of such witnesses will

19 be promptly provided to Defendant.

20          **(17)    Statements Relevant to the Defendant**

21          The Government will provide all statements relevant to Defendant as required by Rule 16,

22 Brady, and Jencks.    The Government is not all possible information and evidence regarding any

23 speculative defense claimed by Defendant. Wood v. Bartholomew, 516 U.S. 1, 6-8 (1995) (per curiam)

24 (holding that inadmissible materials that are not likely to lead to the discovery of admissible exculpatory

25 evidence are not subject to disclosure under Brady).

26          **(18)    Jencks Act Material**

27          Rule 26.2 incorporates the Jencks Act, 18 U.S.C. § 3500, into the Federal Rules of Criminal

28 Procedure. The Jencks Act requires that, after a Government witness has testified on direct examination,

the Government must give the Defendant any "statement" (as defined by the Jencks Act) in the Government's possession that was made by the witness relating to the subject matter to which the witness testified. 18 U.S.C. § 3500(b).  For purposes of the Jencks Act, a "statement" is (1) a written statement made by the witness and signed or otherwise adopted or approved by him, (2) a substantially verbatim, contemporaneously recorded transcription of the witness's oral statement, or (3) a statement by the witness before a grand jury. 18 U.S.C. § 3500(e).   If notes are read back to a witness to see whether or not the government agent correctly understood what the witness was saying, that act constitutes "adoption by the witness" for purposes of the Jencks Act. United States v. Boshell, 952 F.2d 1101, 1105 (9th Cir. 1991)(citing Goldberg v. United States, 425 U.S. 94, 98 (1976)).

### (19)    Giglio Information

An agreement that the Government makes with a witness for testimony in exchange for money or in exchange for favorable treatment in the criminal justice system is generally subject to disclosure as impeachment evidence under Brady and Giglio.  See United States v. Kojayan, 8 F.3d 1315, 1322-23 (9th Cir. 1993); Benn v. Lambert, 238 F.3d 1040, 1054-60 (9th Cir. 2002).   The Government is not aware of any Giglio information related to this case.  If the Government discovers the existence of Giglio information, the information will be provided to Defendant.

### (20)    Reports of Scientific Tests or Examinations

The Government will provide Defendant with any reports of any tests or examinations in accordance with Rule 16(a)(1)(F).  This includes the DEA laboratory reports (Form DEA 7) regarding the analysis of the drugs seized in this case.

### (21)    Henthorn Material

The Government will comply with United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991) and request that all federal agencies involved in the criminal investigation and prosecution review the personnel files of the federal law enforcement inspectors, officers, and special agents whom the United States intends to call at trial and disclose information favorable to the defense that meets the appropriate standard of materiality.  United States v. Booth, 309 F.3d 566, 574 (9th Cir. 2002)(citing United States v. Jennings, 960 F.2d 1488, 1489 (9th Cir. 1992).   If the undersigned Assistant U.S. Attorney is uncertain whether certain incriminating information in the personnel files is "material," the information

1   will be submitted to the Court for an in camera inspection and review.

2                    **(22)    Informants and Cooperating Witnesses**

3          At this time, the Government is not aware of any confidential informants or cooperating

4   witnesses involved in this case.  The Government must generally disclose the identity of informants

5   where (1) the informant is a material witness, or (2) the informant's testimony is crucial to the defense.

6   Roviaro v. United States, 353 U.S. 53, 59 (1957).  If there is a confidential informant involved in this

7   case, the Court may, in some circumstances, be required to conduct an in-chambers inspection to

8   determine whether disclosure of the informant's identity is required under Roviaro.  See United States

9   v. Ramirez-Rangel, 103 F.3d 1501, 1508 (9th Cir. 1997).  If the Government determines that there is

10  a confidential informant somehow involved in this case, the Government will either disclose the identity

11  of the informant or submit the informant's identity to the Court for an in-chambers inspection.

12                              **(23)    Expert Witness**

13         The Government will comply with Rule 16(a)(1)(G) and provide Defendant with a written

14  summary of any expert testimony that the Government intends to use under Rules 702, 703, or 705 of

15  the Federal Rules of Evidence during its case-in-chief at trial.  This shall include the expert witnesses'

16  qualifications, the expert witnesses opinions, the bases and reasons for those opinions.

17                             **(24)    Residual Request**

18         The Government will comply with all of its discovery obligation s, but objects to the broad and

19  unspecified nature of Defendant's residual discovery request.

20                    **B.    Case Should Be Declared Complex**

21         The Government concurs with Defendant's motion to declare case complex.  The discovery in

22  the related cases is voluminous and relatively complex.  During the criminal investigation that resulted

23  in the Indictments at criminal case nos. 08CR0404-BEN, 08CR0508-BEN, 08CR0509-BEN, 08CR510-

24  BEN, and 08CR0511-BEN (as well as other cases), there were several months of court-authorized wire

25  taps on numerous telephones and Government agents executed approximately 11 search warrants at

26  residences and three pharmacies located throughout San Diego county and a residence in Las Vegas,

27  Nevada.  The Government has recordings of thousands of hours of intercepted calls.  There are 7

28  indicted defendants in case no. 08CR0511-BEN, 4 defendants in case no. 08CR0509-BEN, 2 indicted

1    defendants in case no. 08CR0508-BEN, and defendants in other cases.  Based on the high volume of

2    the discovery, the large number of defendants in the related cases, the complex nature of the

3    prosecutions and possible existence of novel questions of fact or law (including issues related to the

4    drug conspiracies, the Title III investigation, the search warrants, and security concerns related to

5    confidential informants or cooperating defendants) it would be unreasonable to expect defense counsel

6    to be able to effectively prepare for pre-trial motions and trial within the period normally prescribed by

7    the Speedy Trial Act, 18 U.S.C. §§ 3161, et seq., taking into account the exercise of due diligence.

8    Consequently, the ends of justice served by a continuance outweighs the best interest of the public and

9    the defendants in a speedy trial.

10         Accordingly, the Government respectfully joins defendant's motion and recommends that this

11    Court declare this case complex and order that the time between arraignment and June 30, 2008 (or any

12    other date the Court deems appropriate), be deemed excludable time under the Speedy Trial Act

13    pursuant to 18 U.S.C. § 3161(h)(8) in addition to any time excludable, pursuant to 18 U.S.C.

14    § 3161(h)(1)(F), resulting from pre-trial motions already filed.

15         **C.**      **<u>Further Motions Based On New Information</u>**

16         The Government does not object to the granting of leave to allow Defendant file further motions

17    as long as the additional motions are based on newly discovered evidence or discovery provided by the

18    Government subsequent to the instant motion at issue.

19         **D.**      **<u>Leave To File Join Motions</u>**

20         The Government does not object to the granting of leave to allow Defendant join motions filed

21    by other defendants.

22         **III**

23         **<u>GOVERNMENT'S MOTION TO COMPEL RECIPROCAL DISCOVERY</u>**

24         **A.**      **<u>All Evidence That Defendant Intends To Introduce In His Case-In-Chief</u>**

25         Since the Government will honor Defendant's requests for disclosure under Rule 16(a)(1)(E),

26    the Government is entitled to reciprocal discovery under Rule 16(b)(1).  Pursuant to Rule 16(b)(1),

27    requests that Defendant permit the Government to inspect, copy and photograph any and all books,

28    papers, documents, photographs, tangible objects, or make copies or portions thereof, which are within

the possession, custody, or control of Defendant and which Defendant intends to introduce as evidence in his case-in-chief at trial.

The Government further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession and control of Defendant, which he intends to introduce as evidence-in-chief at the trial, or which were prepared by a witness whom he intends to call as a witness. The Government also requests that the Court make such order as it deems necessary under Rules 16(d)(1) and (2) to ensure that the Government receives the reciprocal discovery to which it is entitled.

**B.    Reciprocal Jencks – Statements By Defense Witnesses**

Rule 26.2 provides for the reciprocal production of Jencks material. Rule 26.2 requires production of the prior statements of all witnesses, except a statement made by a defendant. The time frame established by Rule 26.2 requires the statements to be provided to the Government after the witness has testified. However, to expedite trial proceedings, the Government hereby requests that Defendant be ordered to provide all prior statements of defense witnesses by a reasonable date before trial to be set by the Court. Such an order should include any form in which these statements are memorialized, including but not limited to, tape recordings, handwritten or typed notes and reports.

**IV**

**CONCLUSION**

For the reasons stated herein, the Government respectfully requests that this Court deny Defendant's motions to compel production of discovery and grant leave to file further motions, except where unopposed, and grant the Government's motions to compel production of reciprocal discovery and to deem case complex for purposes of the Speedy Trial Act.

Dated:  <u>April 14, 2008</u>                Respectfully submitted,

KAREN P. HEWITT
United States Attorney

*/s/ TIMOTHY F. SALEL*
TIMOTHY F. SALEL
Assistant U.S. Attorney

08CR0511-BEN

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 08CR0511-BEN |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CERTIFICATE OF SERVICE |
| MAGGIE MARIA SIEBEN (4), | ) ) | |
| Defendants. | ) ) ) | |

IT IS HEREBY CERTIFIED that:

I, Timothy F. Salel, am a citizen of the United States over the age of 18 years and a resident of San Diego County, CA; my business address is 880 Front Street, San Diego, CA 92101-8893; I am not a party to the above-entitled action.

I have caused service of **Government's Response and Opposition To Defendant's Motions To Compel Production of Discovery, To Declare Complex, To Grant Leave To File Further Motions, To Grant Leave To Join Motions**, on the following party, by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies the following parties at the following e-mail addresses:

Paul W. Blake @ paulwblake@cox.net

I declare under penalty of perjury that the foregoing is true and correct.

Executed: April 14, 2008            /s/ *TIMOTHY F. SALEL*
                                    TIMOTHY F. SALEL
                                    Assistant U.S. Attorney
                                    E-mail: timothy.salel@usdoj.gov